On Application for Rehearing.
 

 PER CURIAM.
 

 In the petition for a rehearing, Dr. Weilbaecher directs our attention to an error in the judgment appealed from, in that it allows interest from the 5th, instead of the 15th, day of April, 1931. The error appears from a comparison of the plaintiff’s petition with the judgment rendered in the case; but it was not brought to our attention heretofore, perhaps because it escaped the attention of Dr. Weilbaecher and his attorney. He contends now that the error makes the judgment absolutely null, because the amount of it exceeds the amount sued for, to the extent of ten days’ interest. Our opinion, on the contrary, is that Dr. Weilbaecher is entitled merely to an amendment of the judgment in so far as it allows the plaintiff more interest than she is entitled to. We might well decline to consider the complaint because bf its being made for the first time in a petition for a rehearing; but, as the error is apparent, without our having to see the evidence in the case, we shall make the correction. The judge who rendered the judgment could have corrected the error— and surely would have corrected it if it had been brought to his attention — without the necessity of granting a new trial or rehearing, because the error was manifestly merely the result of an oversight on the part of the writer of the judgment, and was therefore of the character of a clerical error. Code Prac. art. 547. For that reason, and because the error affected the amount of the judgment only slightly, the appellee should not be condemned to pay the costs of appeal. In Gamble v. McClintock, on rehearing, 9 La. Ann. 160, it was said: “The appellee will not be mulcted in costs on account of small errors in calculation in the judgment appealed from, which could have been corrected, if brought to the notice of the court below.”
 

 In this connection, Dr. Weilbaecher has filed with his petition for a rehearing a plea to the effect that the error in the judgment, allowing the plaintiff ten days’ more interest than she claimed, amounts to a denial of due • process of law, and is therefore violative of section 2 of article 1 of the Constitution of Louisiana and the Fifth Amendment and the Fourteenth Amendment of the Constitution of the United States: We shall avoid that consequence by correcting the error in the judgment.
 

 It is said — for the first time in this lawsuit — in the petition for a rehearing, that the appellant, Dr. Weilbaecher, was discharged from all of his debts, on the 29th of April, 1932, by a decree of the United States District Court for the Eastern District of Louisiana, in a bankruptcy proceeding. Accompanying the petition for a rehearing is a plea on
 
 *150
 
 the part of Dr. Weilbaecher claiming a discharge in bankruptcy and praying to have the judgment in this suit'annulled, or, in the alternative, to have the case remanded for proof of the discharge. The plea comes too late. This suit was filed in the civil district court on the 5th of July, 1932, and afforded Dr. Weilbaecher ample opportunity there to plead a discharge in bankruptcy if in fact he was so discharged. In response to the plea filed in this court, Mrs. Cabral’s attorney says that the reason why Dr. Weilbaecher did not plead heretofore that he was discharged from the debt due to Mrs. Cabral was that that indebtedness was neither scheduled nor proved in the bankruptcy proceeding. We will not, at this late date, in considering an application for a rehearing, inquire into the question whether Mrs. Cabral had knowledge of the bankruptcy proceeding in time to assert and prove her claim.
 

 The judgment appealed from is amended so as to allow the plaintiff interest from the 15th .instead of the 5th day of April, 1931, and, as thus amended, the judgment is affirmed. The petition for a rehearing is denied.